```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRI L. LAWRENCE,              :   CIVIL ACTION
                                :   NO.  04-4682
     Plaintiff,                 :
                                :
        v.                      :
                                :
JO-ANNE B. BARNHART,            :
Commissioner of the             :
Social Security                 :
Administration,                 :
                                :
     Defendant.                 :
```

ORDER

**AND NOW**, this **14th** day of **October 2005**, after considering the parties' cross-motions for summary judgment, and after careful review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Plaintiff's Motion for Summary Judgment (doc. no. 9) is **DENIED**; and

3. The Defendant's Motion for Summary Judgment (doc. no. 12) is **GRANTED**.

It is **FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 58, **JUDGMENT IS ENTERED** in favor of the Commissioner affirming the administrative decision of the Commissioner that denied benefits to plaintiff Terri L. Lawrence.[1]  This case shall

---

[1] Plaintiff has objected to the Report and Recommendation, arguing that Magistrate Judge Strawbridge erred in two ways: (1) by finding that the Administrative Law Judge ("ALJ") did not fail to develop the record adequately in regards to plaintiff's alleged mental impairment and its effect on her functionality; and (2) by finding

---

that the limitations factored into the hypothetical given by the ALJ to the vocational expert ("VE") were appropriate.

This Court undertakes a de novo review of the portions of a Report and Recommendation to which the plaintiff has objected. 28 U.S.C. § 636(b)(1); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998) (citing U.S. Steelworkers of Am. AFL-CIO v. N.J. Zinc, Co., 828 F.2d 1001, 1005 (3d Cir. 1987)).  The Court "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Decisions of an ALJ are upheld if supported by substantial evidence. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988); Burns, 312 F.3d at 118.  "It is less than a preponderance of the evidence but more than a mere scintilla." Jesurum v. Sec'y of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).  If the ALJ's decision is supported by substantial evidence, the Court may not set it aside even if the Court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.1999) (citations omitted).

Plaintiff argues that because there was "insufficient evidence in the file regarding Ms. Lawrence's mental impairment and its impact on her functional abilities," the ALJ had a duty to supplement the record.  Pl.'s Objs. at 2.  Plaintiff states that she had been prescribed an anti-depressant, had been referred to a psychiatric specialist, and had suffered from symptoms of depression.  The magistrate judge concluded that the record, including plaintiff's own testimony, did not contain any evidence that her depression contributed to her functional limitations.  Specifically, the magistrate judge also noted that although plaintiff's counsel asked that the record be left open at the end of the hearing for supplemental material regarding plaintiff's functional limitations as related to her cervical condition, plaintiff's counsel did not suggest the record was incomplete regarding plaintiff's depression or that she had an upcoming appointment with a psychiatric specialist.  For these reasons, the magistrate judge found no reversible error in the ALJ's determination that the record of the case was complete.

The ALJ adequately developed the record in this case.  The record shows that plaintiff was prescribed the anti-depressant Zoloft in or about June 2003, because, according to plaintiff, "since the injury I've become very stressed."  Plaintiff was removed from the medication because it was not effective, and referred to a psychiatric specialist. Tr. 199.  Plaintiff's own testimony, therefore, shows that the alleged mental disorder is a result of the alleged functional limitation, not part of the limitation.  Nothing here indicates that the record lacked enough data for the ALJ to make a sound determination. See, e.g., Money v. Barnhart, 91 Fed. Appx. 210, 216 (3d Cir. 2004).  The record in this case does not fairly raise a question regarding the impact of any mental impairment on plaintiff's

2

be closed for statistical purposes.

        **AND IT IS SO ORDERED.**

                                          **EDUARDO C. ROBRENO,    J.**

---

functional abilities, and the ALJ was therefore not under a duty to supplement this record.  See, e.g., Diehl v. Barnhart, 357 F. Supp.2d 804, 815 (E.D. Pa. 2005).

     Plaintiff's second objection to the Report and Recommendation is that the hypothetical given by the ALJ to the VE was inappropriate because it did not include certain limitations plaintiff has in using her left upper extremity.  Pl.'s Objs. at 2.  A hypothetical need only contain impairments that are supported by the record.  See, e.g., Page v. Barnhart, 108 Fed. Appx. 735, 738-39 (3d Cir. 2004).  Here, the ALJ determined that plaintiff "has a severe impairment which causes significant limitations on her ability to perform work-related activities," but concluded that she retains the residual functional capacity to perform sedentary work.  Tr. 21-22.  This determination is supported by substantial evidence, and the magistrate judge properly concluded that nothing in the record undermines this finding.

     Plaintiff also comments that the magistrate judge improperly provided his own interpretation of the record in regards to the appropriateness of the VE's assessment.  Pl.'s Objs. at 4.  While it is true that such a substitution would be improper, it is not what happened below.  A court reviewing an administrative law determination may review the record to assess whether the grounds on which the ALJ's determination lie are supported by substantial evidence.  See Securities and Exchange Comm'n. v. Chenery Corp., et al., 332 U.S. 194, 196 (1947); Oldrati v. Apfel, 33 F. Supp.2d 397, 399 (E.D. Pa. 1997).

     In this case, the magistrate judge stated that the record evidence "does not undermine the ALJ's conclusion that ... Lawrence retained the RFC [residual functional capacity] for a limited range of sedentary work," and specifically noted that, "[t]he statement by Dr. Chitale on August 12, 2002 that Lawrence should undergo a vocational evaluation to find a less strenuous job (other than housecleaning) that she could perform ... is persuasive evidence that even her own longstanding treating specialist believed that she was capable of some kind of work."  Rep. and Rec. at 22.  The ALJ's report also specifically noted this statement by plaintiff's doctor: "He [the doctor] told her that if surgery was not an option that she should look for a "less strenuous job."  Tr. 21.  Magistrate Judge Strawbridge did not substitute his own findings for those of the ALJ, nor did he pull evidence that the ALJ had not addressed from the record.  His review of the record was solely for the purpose of determining whether the ALJ's conclusion was supported by substantial evidence.  This was proper, and the Court approves the Report and Recommendation.

3